ELECTRONICALLY FILED
Pulaski County Circuit Court
Larry Crane, Circuit/County Clerk
2016-Apr-05  09:10:27
60CV-16-1623
C06D09 : 7 Pages

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
NINTH DIVISION

JACKIE CALHOUN                                                        PLAINTIFF

v.                      No. 60CV-16-1623

LINCOLN NATIONAL LIFE
INSURANCE COMPANY; and
PULASKI COUNTY SPECIAL SCHOOL
DISTRICT FOUNDATION, INC.                               DEFENDANTS

## ANSWER, MOTION TO DISMISS AND BRIEF IN SUPPORT

Separate Defendant, Pulaski County Special School District Foundation, Inc. ("PCSSD Foundation"), by its attorneys, Bequette & Billingsley, P.A., for its Answer, Motion to Dismiss and Brief in Support, alleges and states:

1. PCSSD Foundation is without sufficient information to admit or deny the allegations set forth in paragraphs 1 and 2 of the Complaint, and therefore denies said allegations.

2. PCSSD Foundation denies the allegations set forth in paragraphs 3 and 4 of the Complaint.

3. PCSSD Foundation is without sufficient information to admit or deny the allegations set forth in paragraph 5 of the Complaint, and therefore denies said allegations.

4. PCSSD Foundation denies the allegations set forth in paragraph 6 of the Complaint.

5. PCSSD Foundation is without sufficient information to admit or deny the allegations set forth in paragraphs 7, 8, 9 and 10 of the Complaint, and therefore denies said allegations.

6. PCSSD Foundation admits the existence of the document referred to in paragraphs 11 and 12 of the Complaint, which speaks for itself. PCSSD Foundation otherwise denies the allegations set forth in paragraphs 11 and 12 of the Complaint.

7. PCSSD Foundation is without sufficient information to admit or deny the allegations set forth in paragraphs 13 and 14 of the Complaint, and therefore denies said allegations.

8. PCSSD Foundation admits the existence of the documents referred to in paragraphs 15 and 16 of the Complaint, which speak for themselves. PCSSD Foundation otherwise denies the allegations set forth in paragraphs 15 and 16 of the Complaint.

9. PCSSD Foundation is without sufficient information to admit or deny the allegations set forth in paragraphs 17, 18 and 19 of the Complaint, and therefore denies said allegations.

10. PCSSD Foundation admits the existence of the documents referred to in paragraphs 20 and 21 of the Complaint, which speak for themselves. PCSSD Foundation otherwise denies the allegations set forth in paragraphs 20 and 21 of the Complaint.

11. Except where previously admitted herein, PCSSD Foundation denies the allegations set forth in paragraph 22 of the Complaint.

12. PCSSD Foundation denies the allegations set forth in paragraph 23 of the Complaint.

13. PCSSD Foundation is without sufficient information to admit or deny the allegations set forth in paragraphs 24, 25, 26 and 27 of the Complaint, and therefore denies said allegations.

14. PCSSD Foundation denies the allegations set forth in paragraph 28 of the Complaint.

15. PCSSD Foundation is without sufficient information to admit or deny the allegations set forth in paragraph 29 of the Complaint, and therefore denies said allegations.

16. Except where previously admitted herein, PCSSD Foundation denies the allegations set forth in paragraph 30 of the Complaint.

17. PCSSD Foundation is without sufficient information to admit or deny the allegations set forth in paragraphs 31, 32, 33, 34, 35, 36 and 37 of the Complaint, and therefore denies said allegations.

18. Except where previously admitted herein, PCSSD Foundation denies the allegations set forth in paragraph 38 of the Complaint.

19. PCSSD Foundation is without sufficient information to admit or deny the allegations set forth in paragraphs 39, 40, 41, 42, 43 and 44 of the Complaint, and therefore denies said allegations.

20. Except where previously admitted herein, PCSSD Foundation denies the allegations set forth in paragraph 45 of the Complaint.

21. PCSSD Foundation is without sufficient information to admit or deny the allegations set forth in paragraphs 46, 47, 48, 49, 50 and 51 of the Complaint, and therefore denies said allegations.

22. PCSSD Foundation denies the allegations set forth in paragraph 52 of the Complaint.

23. Paragraph 53 of the Complaint does not require a response.

24. PCSSD Foundation denies the allegations set forth in the "wherefore" paragraph of the Complaint.

25. Except where previously admitted herein, PCSSD Foundation denies each and every allegation set forth in the Complaint.

26. PCSSD Foundation reserves the right to plead further by way of amended answer, counterclaim, or other pleading pending discovery in this litigation.

## JURY TRIAL DEMAND

27. PCSSD Foundation requests trial by jury of all issues triable by a jury.

## AFFIRMATIVE DEFENSES

28. PCSSD Foundation affirmatively states that the Complaint is barred pursuant to Ark. R. Civ. P. 12(b).

29. PCSSD Foundation affirmatively pleads all defenses available pursuant to Ark. R. Civ. P. 8.

30. PCSSD Foundation affirmatively states that Plaintiff's claims are barred by principles of statutory and governmental immunity.

31. PCSSD Foundation affirmatively states that Plaintiff's claims for equitable or declaratory relief are barred as a matter of law.

32. PCSSD Foundation affirmatively states that all actions taken by it with regard to Plaintiff was in good faith.

33. PCSSD Foundation asserts that it acted reasonably and in compliance with the law at all times relevant hereto.

34. PCSSD Foundation affirmatively pleads the affirmative defense of laches.

35. PCSSD Foundation affirmatively states that Plaintiff's claims and the remedies sought are barred by the doctrine of unclean hands.

36. PCSSD Foundation affirmatively states that the remedies sought are barred by the principle of estoppel.

37. The claims for equitable relief are barred because Plaintiff has an adequate remedy at law.

38. PCSSD Foundation affirmatively states that any alleged violations of law attributed to any employee of the Pulaski County Special School District were committed, if at all, outside the scope of that employee's employment with the PCSSD Foundation.

39. PCSSD Foundation affirmatively states that it did not authorize any unlawful acts of which Plaintiff complains.

40. PCSSD Foundation affirmatively states that it is entitled to absolute tort immunity from liability pursuant to the immunity granted and codified in Ark. Code Ann. § 21-9-301. PCSSD Foundation further affirmatively states that Plaintiff's claims are barred for failure to state facts upon which relief may be granted pursuant to Ark. R. Civ. P. 12(b).

41. The alleged conduct of PCSSD Foundation cannot support an award of punitive damages and any award of punitive damages in this matter would violate the Due Process Clause of the United States Constitution and the corresponding provision of the Constitution of the State of Arkansas.

42. Any award of punitive damages to the Plaintiff would be in violation of the constitutional rights and safeguards provided to PCSSD Foundation under the Constitution of the United States of America including, without limitation, because there are no limitations placed on a jury's discretion in considering the imposition or amount of punitive damages, there are no meaningful trial court and appellate review mechanisms to constitutionally confirm any punitive damage award, the imposition of a punitive damage award would allow a verdict tainted by passion and prejudice, and plaintiff impermissibly seeks punitive damages which bear no constitutional relationship to the alleged actual amount in question.

43. Imposition of punitive damages in this case would violate PCSSD Foundation's constitutional rights under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

44. Any award of punitive damages in this case would violate the constitutional rights and safeguards provided to PCSSD Foundation under the due process clause of the Fourteenth Amendment and/or Fifth Amendment to the Constitution of the United States of America and/or under the due process clause of the Constitution of the State of Arkansas, in that punitive damages and any method by which they might be assessed are unconstitutionally vague and not rationally related to a legitimate government interest.

45. Any award of punitive damages to the Plaintiff in this case will violate the Eighth Amendment to the Constitution of the United States and/or the Constitution of the State of Arkansas, in that said punitive damages would be an imposition of an excessive fine.

46. PCSSD Foundation affirmatively pleads as defenses the applicable statute of limitations.

47. PCSSD Foundation affirmatively pleads as a defense the qualified privilege doctrine.

## MOTION TO DISMISS

48. PCSSD Foundation moves for dismissal of Plaintiff's Complaint pursuant to Ark. R. Civ. P. 12(b)(6) for the reasons that the PCSSD Foundation was not Plaintiff's employer and was not the policyholder of the plan issued and administered by Lincoln National. Plaintiff's employer was the Pulaski County Special School District ("PCSSD"), a school district organized and operating pursuant to the laws of the State of Arkansas, and according to the Policy, PCSSD was the Policyholder, not the PCSSD Foundation. *See* Complaint, Ex. 1.

WHEREFORE, Separate Defendant, Pulaski County Special School District Foundation, Inc., prays that Plaintiff's Complaint be dismissed; that its Motion to Dismiss be granted; for its attorneys' fees and costs incurred herein; and for all other relief to which the PCSSD Foundation may be entitled.

        Respectfully submitted,

        BEQUETTE & BILLINGSLEY, P.A.
        425 West Capitol Avenue, Suite 3200
        Little Rock, AR 72201-3469
        Phone: (501) 374-1107
        Fax: (501) 374-5092
        Email: jbequette@bbpalaw.com

By: **/s/ Jay Bequette**
        Jay Bequette, #87012

*Attorneys for Separate Defendant Pulaski County Special School District Foundation, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on April 5, 2016, I electronically filed the foregoing with the Clerk of the Court using the eFlex electronic filing system, which shall send notification of such filing to the following:

Brandon W. Lacy, Esq.
Wilcox & Lacy, PLC
600 S. Main St.
Jonesboro, AR 72403

        **/s/ Jay Bequette**

Z:\Pcssd\Calhoun\Answer and Motion to Dismiss.wpd